```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF GEORGIA
                          AUGUSTA DIVISION
```

| | |
|---|---|
| FRANKLIN EUGENE STAULCUP a/k/a GENE STAULCUP,<br><br>  Plaintiff,<br><br>     v.<br><br>CHARLES SCHWAB & CO., INC. and DANIEL ROBERT RADFORD,<br><br>  Defendants. | CV 124-179 |

# O R D E R

Before the Court is Plaintiff's Complaint for interpleader, which the Court construes as a motion for temporary restraining order ("TRO") given Plaintiff's request that the Court issue a TRO (Doc. 1, at 6) and the later brief he filed in support of a TRO (Doc. 11). Upon due consideration, Plaintiff's motion for TRO (Doc. 1) is **DENIED**.

Plaintiff's first cousin, Marsha Jean Radford ("Decedent"), passed away in March 2023 a resident of Clarke County, Nevada and maintained a T.D. Ameritrade Account that designated Plaintiff as the beneficiary ("Account"). (Doc. 11, at 1.) T.D. Ameritrade was acquired by Defendant Charles Schwab & Co. ("Schwab") in 2023. (Id.) Decedent's half-brother, Defendant Daniel Robert Radford, brought an action in the District Court of Clarke County, Nevada ("Nevada Court") to invalidate the beneficiary designation and

remove Plaintiff as the beneficiary on the Account based on Decedent's health issues. (Id. at 2; Doc. 1, at 3; Doc. 1-1, at 6.) Defendant Radford is the personal representative of Decedent's estate. (Doc. 1, at 3; Doc. 1-1, at 6.) Pursuant to a Citation to Appear and Show Cause issued to Plaintiff on September 20, 2024, a hearing on the Nevada Court action is scheduled for 9:45 a.m. on October 11, 2024. (Doc. 1-1, at 1.) Plaintiff asserts the Nevada Court lacks personal jurisdiction over him. (Doc. 1, at 4.)

Plaintiff asks the Court to enter a TRO restraining and enjoining Defendant Radford from proceeding with any Nevada Court action to remove Plaintiff from any beneficiary designation, enjoining Schwab from paying any funds to any claimant, and requiring Schwab to pay all such funds into the Registry of the Court. (Id. at 6; Doc. 1-3, at 1-2.) There has been no notice of appearance filed by either Defendant, but Plaintiff's counsel represents he has been in contact with Schwab's counsel and has notified her that he is seeking a TRO. (Doc. 10, at 1.)

Pursuant to Federal Rule of Civil Procedure 65, a court may enter a TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and the attorney of the party requesting the order "certifies in writing any efforts made to give notice and the reasons why it

2

should not be required." FED. R. CIV. P. 65(b). To receive a TRO, Plaintiff must show: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." <u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citation omitted).

First, Plaintiff has not set forth specific facts showing immediate and irreparable loss would result before Defendants can be heard in opposition, because there is no indication he will suffer irreparable loss based on any ruling from the Nevada Court. None of the documents attached to Plaintiff's Complaint indicate Schwab will immediately pay out the funds to Defendant Radford based on the Nevada Court's ruling and leave him with no legal recourse or claim to the Account. Plaintiff himself asserts there will be "complications and delays" in him receiving the money in the Account, but that cannot by itself show *irreparable* loss or injury. (Doc. 11, at 3.)

Second, Plaintiff has not shown a substantial likelihood he will prevail on the merits. Plaintiff argues that in Nevada, there is a presumption that one is competent at the time she makes a contract. (Doc. 11, at 3 (citation omitted).) Even so, given the record before the Court, Plaintiff has not shown a substantial

3

likelihood of success on the merits given the Decedent's long-standing and documented health concerns.  (See Doc. 1-1.)

Finally, the Court finds a TRO would be adverse to the public interest because the public is not best served by a federal court in Augusta, Georgia interfering with a probate matter in the Nevada Court absent extreme circumstances.  As discussed above, Plaintiff has failed to establish the extreme circumstances required to warrant the Court's interference.

Accordingly, Plaintiff's motion for a temporary restraining order (Doc. 1) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___11th___ day of October, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA